## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOSE ELIAS GUARDADO LOPEZ
c/o 519 H Street NW
Washington, DC 20001

JOSE MANUEL PINEDA FLORES
c/o 519 H Street NW
Washington, DC 20001

     Plaintiffs,

v.

                                      Civil Action No. _____

G & G INVESTMENTS, INC.
d/b/a Trio Restaurant
d/b/a Fox & Hounds Lounge
1537 17th Street NW
Washington, DC 20036

MOURAD BENJELLOUN
5969 Tapestry Drive
Woodbridge, VA 22193

     Defendants.

## COMPLAINT

1.     Defendants employed Plaintiffs at Trio Restaurant and Fox & Hounds Lounge

(collectively, "Trio"), both located at 1537 17th Street NW, Washington, DC 20036.

2.     Defendants paid Plaintiffs Jose Manuel Pineda Flores and Jose Elias Guardado Lopez

their regular hourly rate across all hours worked, including overtime hours. Moreover,

Defendants occasionally paid Plaintiff Jose Elias Guardado Lopez less than the District of

Columbia's minimum wage. Finally, Defendants did not pay Plaintiffs for all the hours that they

worked.

3.      Plaintiffs bring this action to recover damages for Defendants' willful failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and for Defendants' willful failure to pay minimum and overtime wages in violation of the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 et seq.

## Jurisdiction and Venue

4.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because at least one Defendant resides in this district and a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in this district.

## Parties

6.      Jose Elias Guardado Lopez and Jose Manuel Pineda Flores are adult residents of the District of Columbia.

7.      G & G Investments, Inc. was a District of Columbia corporation. Its corporate status has been revoked. However, it continues to do business as Trio. Its principal place of business is 1537 17th Street NW, Washington, DC 20036. It has not identified a resident agent with the D.C. Department of Consumer and Regulatory Affairs.

8.      Mourad Benjelloun is an adult resident of Virginia. He resides at 5969 Tapestry Drive, Woodbridge, VA 22193. He owns Trio. He also manages the day-to-day operations of Trio, including its pay practices.

**Factual Allegations**

9.      Defendants own, operate, and manage Trio, a restaurant and bar located at 1537 17th

Street NW, Washington, DC 20036.

10.     Defendants typically and customarily required their kitchen staff to work overtime, as

demonstrated by the following example of Trio's schedule for kitchen staff:

TRIO RESTAURANT 1537, 17th Street, NW, Washington DC 20009          FROM ......may23...............TO          29-May

KITCHEN

| NAME | SATURDAY | SUNDAY | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY |
|---|---|---|---|---|---|---|---|
| Date | 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| Alex | 12-CL | 5-V | 11:30-V | OFF | 11-V | 12-CL | 3-CL |
| **Line Cooks** | | | | | | | |
| ROSA T. | 7:30am/4:00pm | 7:30-4:00pm | 10 | 10 | OFF | 12 | 12 |
| ROSA L. | 7:30-4 | 7:30-4 | OFF | OFF | 10-4pm | 10-4pm | 10-4pm |
| **PM Line Cooks** | | | | | | | |
| OSCAR | 4-CL | 4-12am | OFF | OFF | 4-CL | 4-12-pm | 4-12am |
| Jose Noel | OFF | 4-12am | OFF | 6-12am | 6-CL | | |
| Jose Pineda | 4-12am | OFF | 4-CL | OFF | 4-12am | 4-12am | 4-12am |
| CARLOS T | 12 | 12 | 6-12am | 4-12am | OFF | OFF | 4-CL |
| **AM Prep/Dish.** | | | | | | | |
| SANTOS | 7:30 | 7:30 | 9:30 AM | 9:30 AM | OFF | 9:30 AM | 9:30 AM |
| VIGILIO | 7:30-4pm | 7:30-4pm | OFF | 10:30-4pm | 10:30-4pm | 10:30-4pm | 10:30-4pm |
| **PM Prep/Dish** | | | | | | | |
| ELLIAS | 4-CL | 4-CL | 6-CL | 6-12am | 5:30-CL | 6-12am | 6-12am |
| Herman Alvarega | OFF | 4-CL | OFF | OFF | 12-CL | 4-CL | OFF |
| Vicente | 5-CL | OFF | 9:30-4 | OFF | 4-12am | OFF | 4-12am |
| Fredy Mosca | 4-12pm | OFF | 6-CL | 6-CL | OFF | 6-12am | 6-CL |
| Abelmo Cerrano | OFF | 4-12am | 4-12am | 4-12am | OFF | OFF | OFF |

**Factual Allegations Specific to Plaintiff Jose Elias Guardado Lopez**

11.     Defendants employed Plaintiff Jose Elias Guardado Lopez from approximately February

1, 2014 through approximately December 25, 2015.

12.     Mr. Guardado Lopez worked at Trio as a kitchen hand.

13.     Mr. Guardado Lopez performed duties such as washing dishes, cleaning, and making

pizza and salads.

3

14.     Mr. Guardado Lopez typically and customarily worked either six or seven days a week.

15.     From approximately December 13, 2014 through approximately December 25, 2015, Mr.

Guardado Lopez typically and customarily worked the following schedule:

| Monday | 04:00 p.m. – 02:00 a.m. | 10 Hours Worked |
| Tuesday | 04:00 p.m. – 12:00 a.m. | 8 Hours Worked |
| Wednesday | 05:30 p.m. – 02:00 a.m. | 7.5 Hours Worked |
| Thursday | 04:00 p.m. – 12:00 a.m. | 8 Hours Worked |
| Friday | 04:00 p.m. – 12:00 a.m. | 8 Hours Worked |
| Saturday | 04:00 p.m. – 02:00 a.m. | 10 Hours Worked |
| Sunday | 04:00 p.m. – 02:00 a.m. | 10 Hours Worked |
| | | **Total:  61.5 Hours** |

16.     On occasion, Mr. Guardado Lopez had a day off on either Tuesday or Wednesday.

17.     Mr. Guardado Lopez regularly worked more than his scheduled hours, as he was required

to clean after the restaurant closed at 2:00 a.m.

18.     Mr. Guardado Lopez typically worked 70 hours a week.

19.     Mr. Guardado Lopez worked approximately 2,970 overtime hours.

20.     Mr. Guardado Lopez was always paid by the hour.

21.     Mr. Guardado Lopez was paid the following hourly rates:

| **Approximate Dates of Employment** | **Hourly Rate** |
| --- | --- |
| Feb. 1, 2014 – Jun. 25, 2014 | $8.75 |
| Jun. 26, 2014 – Jul. 17, 2014 | $9.00 |
| Jul. 18, 2014 – Feb. 3, 2015 | $9.50 |
| Feb. 4, 2015 – Aug. 4, 2015 | $10.50 |
| Aug. 5, 2015 – Dec. 25, 2015 | $11.00 |

22.     Mr. Guardado Lopez was paid with both check and cash.

23.     Mr. Guardado Lopez was paid with a check for the first 40 hours of work per week and

with cash for overtime hours.

24.     Mr. Guardado Lopez was paid the same hourly rate across all hours, including overtime

hours.

25.     Mr. Guardado Lopez was not paid a premium for his overtime hours.

26.     Moreover, Defendants did not pay Mr. Guardado Lopez for every minute that he worked.

For example, if Mr. Guardado Lopez worked 10 hours and 18 minutes, Defendants paid him for

10 hours.

27.     Mr. Guardado Lopez was not paid anything for approximately 1.5 hours a week.

28.     Defendants owe Mr. Guardado Lopez approximately **$16,287.00** in unpaid minimum and

overtime wages.

### Factual Allegations Specific to Plaintiff Jose Manuel Pineda Flores

29.     Defendants employed Plaintiff Jose Manuel Pineda Flores from 2008 through

approximately July 18, 2014, and from approximately May 28, 2015 through approximately

March 25, 2016.

30.     At all relevant times, Mr. Pineda Flores worked at Trio as a kitchen hand.

31.     At all relevant times, Mr. Pineda Flores performed duties such as preparing food,

cleaning seafood and meats, and cooking meals.

32.     At all relevant times, Mr. Pineda Flores typically and customarily worked six days a

week.

33.     Prior to leaving Trio on approximately July 18, 2014, Mr. Pineda Flores typically and

customarily worked the following schedule:

| Monday | 10:00 a.m. – 11:30 p.m. | 13.5 Hours Worked |
|---|---|---|
| Tuesday | 10:00 a.m. – 11:30 p.m. | 13.5 Hours Worked |
| Wednesday | Off | Off |
| Thursday | 12:00 p.m. – 12:00 a.m. | 12.0 Hours Worked |
| Friday | 12:00 p.m. – 03:00 a.m. | 15.0 Hours Worked |
| Saturday | 04:00 p.m. – 03:00 a.m. | 11.0 Hours Worked |
| Sunday | 04:00 p.m. – 01:00 a.m. | 9.0 Hours Worked |
| | | **Total: 74.0 Hours** |

34.     From approximately April 4, 2015 through approximately March 25, 2016, Mr. Pineda

Flores typically and customarily worked the following schedule:

| Monday | 04:00 p.m. – 02:00 a.m. | 10.0 Hours Worked |
|---|---|---|
| Tuesday | 04:00 p.m. – 12:00 a.m. | 8.0 Hours Worked |
| Wednesday | Off | Off |
| Thursday | 04:00 p.m. – 12:00 a.m. | 8.0 Hours Worked |
| Friday | 04:00 p.m. – 12:00 a.m. | 8.0 Hours Worked |
| Saturday | 04:00 p.m. – 12:00 a.m. | 8.0 Hours Worked |
| Sunday | 04:00 p.m. – 12:00 a.m. | 8.0 Hours Worked |
| | | **Total: 50.0 Hours** |

35.     Mr. Pineda Flores regularly worked more than his scheduled hours.

36.     From approximately April 4, 2015 through approximately March 25, 2016, Mr. Pineda

Flores typically worked 75.5 hours a week.

37.     From approximately April 4, 2015 through approximately March 25, 2016, Mr. Pineda

Flores typically worked 51.5 hours a week.

38.     From approximately April 4, 2015 through approximately March 25, 2016, Mr. Pineda

Flores would occasionally have two days off per week.

39.     Since October 19, 2013, Mr. Pineda Flores worked approximately 1,971 overtime hours.

40.     Mr. Pineda Flores was always paid by the hour.

41.     Mr. Pineda Flores was paid the following hourly rates:

| **Approximate Dates of Employment** | **Hourly Rate** |
|---|---|
| October 15, 2013 – Jul. 18, 2014 | $11.50 |
| Apr. 4, 2015 – Mar. 25, 2016 | $13.50 |

42.     Mr. Pineda Flores was paid with both check and cash.

43.     Mr. Pineda Flores was paid with a check for the first 40 hours of work per week and with

cash for overtime hours.

44.     Mr. Pineda Flores was paid the same hourly rate across all hours, including overtime hours.

45.     Mr. Pineda Flores was not paid a premium for his overtime hours.

46.     Moreover, Defendants did not pay Mr. Pineda Flores for every minute that he worked. For example, if Mr. Pineda Flores worked 8 hours and 18 minutes, Defendants paid him for only 8 hours.

47.     Mr. Pineda Flores was not paid anything for approximately 1.5 hours a week.

48.     Since October 19, 2013, Defendants owe Mr. Pineda Flores approximately **$13,247.25** in unpaid regular and overtime wages.

### GENERAL FACTUAL ALLEGATIONS

49.     At all relevant times, federal and District of Columbia law required Defendants to pay Plaintiffs one and one-half times Plaintiffs' hourly rate for all hours worked over 40 in any one workweek.

50.     The District of Columbia minimum wage was $8.25 prior to July 1, 2014, $9.50 per hour from July 1, 2014 through June 30, 2015, and $10.50 per hour from July 1, 2015 through June 30, 2016.

51.     Defendants collectively owe Plaintiffs approximately **$29,534.25** in unpaid minimum and overtime wages.

52.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

53.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had travelled in or been produced for interstate commerce.

54.     At all relevant times, Defendants had the power to fire Plaintiffs.

55.     At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

56.     At all relevant times, Defendants had the power to set Plaintiffs' rate of pay.

57.     Mourad Benjelloun personally supervised Plaintiffs, set their work schedules, and tendered Plaintiffs their check and cash salary.

58.     At all relevant times, Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiffs, or of how much Plaintiffs were paid for Plaintiffs' work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact number of hours worked by and wages owed to Plaintiffs will only be known through discovery.

59.     Defendants intentionally did not provide Plaintiffs with statements that itemized the actual number of hours worked and the amounts paid per hour, as required by D.C. Code § 32-1008 (b).

60.     Defendants intentionally did not provide Plaintiffs with statements that itemized the actual number of hours worked and the amounts paid per hour, in order to conceal the actual number of hours Plaintiffs worked and Plaintiffs' hourly rate.

61.     Defendants failed to provide Plaintiffs with notice of Plaintiffs' employer's name, address, telephone number, the employee's rate of pay, and the employer's regular payday, as required by D.C. Code § 32-1008 (c).

62.     Defendants intentionally did not post the notice of District of Columbia wage law required by D.C. Code § 32-1009.

63.     Defendants did not provide Plaintiffs with actual or constructive notice of Plaintiffs' employee rights, within the meaning of D.C. Code § 32-1308(c)(2)(b).

64.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the minimum wage required by District of Columbia and federal law.

65.    At all relevant times, Defendants were aware that that they were legally required to pay

Plaintiffs one and one-half times Plaintiffs' regular rate for all hours worked in excess of 40

hours in any one workweek.

66.    At all relevant times, Defendants were aware that that they were legally required to

timely pay Plaintiffs all wages legally due to Plaintiffs.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

67.    Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

68.    Each Defendant was an "employer" of Plaintiffs within the meaning of the FLSA, 29

U.S.C. § 203(d).

69.    The FLSA requires employers to pay non-exempt employees one and one-half times their

regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. §

207(a)(1).

70.    Defendants violated the FLSA by knowingly failing to pay Plaintiffs at least one and one-

half times Plaintiffs' regular rate for hours worked in excess of 40 hours in any one workweek.

71.    Defendants' FLSA violations were willful.

72.    For their FLSA violations, Defendants are liable to Plaintiffs for unpaid overtime wages,

an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses,

interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY WAGES UNDER THE DCWPCL

73.    Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

74.    Each Defendant was an "employer" within the meaning of the DCWPCL, D.C. Code §

32-1301(1).

75.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

76.     For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

77.     Defendants violated the DCWPCL by knowingly failing to pay Plaintiffs all wages earned, including regular, minimum, and overtime wages.

78.     Defendants' DCWPCL violations were willful.

79.     For their DCWPCL violations, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, on all counts, in the current total amount of **$128,595.00**, and grant the following relief:

    a.    Award Plaintiffs **$118,137.00**, consisting of the following overlapping elements:

        i.    unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid District of Columbia minimum, regular, and overtime wages earned, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.      Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

c.      Award Plaintiffs reasonable attorney's fees and expenses incurred in the

prosecution of this action (currently, **$10,058.00**);

d.      Award Plaintiffs court costs (currently, **$400.00**); and

e.      Award any additional relief the Court deems just.


Date: October 27, 2016                          Respectfully submitted,

                                                /s/ Justin Zelikovitz, Esq.
                                                Justin Zelikovitz, #986001
                                                LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
                                                519 H Street NW
                                                Washington, DC 20001
                                                Phone: (202) 803-6083
                                                Fax: (202) 683-6102
                                                justin@dcwagelaw.com

                                                *Counsel for Plaintiffs*